Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7970 & 01 C 9663 | **DATE** | 9/26/2002 |
| **CASE TITLE** | Abbott Laboratories vs. City of Hope | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order regarding the question whether including a factual assertion in a preliminary statement before the Board of Patent Appeals and Interferences constitutes "raising an issue" within the meaning of 35 U.S.C. Section 146. The court holds that it does not. This action is therefore limited to whether R. Bruce Wallace invented the subject matter of the interference before December 11, 1987 and whether inventorship was proper in the Wallace application.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 7 2002 date docketed | 53 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | HB docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 9/26/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

ABBOTT LABORATORIES,  )
                     )
         Plaintiff,   )
                     )
   v.                 )
                     )   No. 00 C 7970
CITY OF HOPE,         )
                     )
         Defendant.   )
                     )

### MEMORANDUM OPINION AND ORDER

The question before me is whether including a factual assertion in a preliminary statement before the Board of Patent Appeals and Interferences constitutes "raising an issue" within the meaning of 35 U.S.C. §146. I hold that it does not.

### BACKGROUND

On October 24, 1994, the U.S. Patent and Trademark Office ("USPTO") declared an interference between the patent applications of Keith C. Backman ("Backman"), assigned to Abbott Laboratories ("Abbott"), and that of R. Bruce Wallace ("Wallace"), assigned to City of Hope ("COH"), concerning an invention called "ligase chain reaction." An interference is an administrative hearing before a panel of the Board of Patent Appeals and Interferences ("the Board") resolving questions of priority among conflicting patent applications. Critical questions in such a hearing include the date each purported inventor conceived and reduced to practice the

53

invention, and whether the disputed applications themselves were proper in form and substance. A party may establish priority either by proving the actual date it reduced the invention to practice or by proving the date it filed an adequate patent application, which date may serve as a constructive reduction to practice.

In their preliminary statements to the Board, both Abbott and COH stated the dates of conception and actual reduction to practice of the invention according to their version of events. However, in their final briefs submitted to the Board, Abbott and COH agreed that the case presented only three issues, two of which are still active at this time. Those two issues are: whether Wallace conceived and reduced to practice the invention by December 11, 1987, the date Backman, applied for a patent, and whether the statement of inventorship in the Wallace application was fatally improper. That is, Backman chose not to attempt to prove the actual dates of conception or reduction to practice of its invention; it chose to rely on its constructive date of reduction to practice, the date the application was filed. Following a final hearing on August 23, 2000, the Board issued a decision granting judgment to Wallace.

Abbott filed the present action against COH seeking review under 35 U.S.C. §146 of the Board's decision awarding the ligase chain reaction patent to Wallace rather than to Backman. Abbott prays for a reversal of the Board's finding that COH is entitled to

a patent for the invention, a declaration that Abbott's assignors are the reaction's original and first inventors, and a declaration that they alone are entitled to a patent for the invention.

## DISCUSSION

An action under 35 U.S.C. §146 has "the hybrid nature of an appeal and a trial de novo." *Case v. CPC Int'l, Inc.*, 730 F.2d 745, 752 (Fed. Cir. 1984), *cert. denied*, 468 U.S. 872 (1984). The standard for the introduction of evidence at this level is hybrid as well. Like an appeals court, I must review the record of the administrative proceeding below, granting evidence therefrom "the same effect as if originally taken and produced in the suit." 35 U.S.C. §146. Yet, like a trial court, I may also consider additional testimony and new evidence regarding those issues which were "raised" by the parties or by the Board itself. *Id.*, 752. The precise meaning of this important limitation on the introduction of new material is at the heart of the dispute at hand.

In order to facilitate efficient discovery, on August 6, 2002, I ordered that both parties submit memoranda discussing the scope of review in a §146 action. In its memorandum, Abbott maintains that an issue is "raised" if mentioned in a preliminary statement, whether the issue was briefed and argued or not, and thus that the issue of Backman's actual date of reduction to practice is a proper subject for consideration in the present action. COH contends that Abbott has waived that issue, and that I should confine my

3

attention to the two issues identified by the parties in their briefs. City of Hope is correct. By failing to properly raise the issue below, Abbott has indeed waived its opportunity to litigate the issue of Backman's actual date of reduction to practice.

A significant body of case law leads to the conclusion that including a factual assertion in a preliminary statement before the Board is not "raising an issue" within the meaning of §146. The Federal Circuit has held that including an issue in a preliminary statement to the Board is not sufficient to merit §146 review of that issue unless a party takes the opportunity to require a determination of the issue, either by filing an appropriate motion or by "insist[ing] that the issue be resolved" during the administrative proceeding. *General Instrument Corp., Inc. v. Scientific-Atlanta, Inc.*, 995 F.2d 209, 214 (Fed. Cir. 1993). *See also Conservolite, Inc., v. Widmayer*, 21 F.3d 1098, 1102 (Fed. Cir. 1994), *cert. denied*, 513 U.S. 1016 (1994). Abbott filed no motions demanding a judgment as to the date of Backman's actual reduction to practice of the invention, and offers no support in its memorandum for the notion that it insisted that the Board resolve the question in some other fashion.

Abbott also argues that since priority was the subject of the hearing below, allowing it to prove Backman's actual date of reduction to practice would merely be admitting new evidence on the central issue, which was unquestionably raised below. But the fact

4

that priority, in general, was raised before the board does not mean that Abbott may now choose to prove priority via a novel theory. The Federal Circuit has held that such switching of theories is impermissible at this point in the process. *Estee Lauder, Inc. v. L'Oreal, S.A.*, 129 F.3d 588 (Fed. Cir. 1997), concerned a §146 action following an interference resolving a patent dispute between rival cosmetics manufacturers. At the administrative level, Estee Lauder relied solely on the theory that it was first to reduce the invention to practice. L'Oreal won priority, and Estee Lauder filed a §146 appeal. The district court held that Estee Lauder should be awarded priority on a theory not considered below, that of prior conception and diligent reduction to practice. The Federal Circuit reversed, in part because the district court erred in considering whether "Estee Lauder was the first to conceive the invention and was diligent in reducing it to practice...because Estee Lauder failed to raise this issue before the board." *Id.*, 592.

The parties must abide by the issues they agreed upon in their final briefs to the Board. The scope of this action shall therefore be limited to:

(1) whether R. Bruce Wallace invented the subject matter of the interference before December 11, 1987; and

(2) whether inventorship was proper in the Wallace application.

ENTER ORDER:

*[signature: Elaine E. Bucklo]*

---
**Elaine E. Bucklo**
United States District Judge

Dated:   September 26, 2002